UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERIE TASH, on behalf of C.R.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 11-cv-05614 JRC<br><br>ORDER TO DISMISS DUE TO LACK OF PROSECUTION AND FAILURE TO FOLLOW THE COURT'S ORDERS |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 2; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter is before the Court on the Court's Order to Show Cause why the matter should not be dismissed for lack of prosecution (*see* ECF No. 10).

1  Due to a lack of prosecution and a failure to follow this Court's Orders, this matter
2  is subject to involuntary dismissal.

### PROCEDURAL HISTORY

On August 12, 2011, *pro se* plaintiff, CHERIE TASH, on behalf of her minor son, C.R.W.[1], filed a complaint requesting judicial review of the denial of her application on behalf of C.R.W. for Supplemental Security Income pursuant to Title XVI of the Social Security Act (*see* ECF No. 1; Tr. 134-39). *See also* 20 C.F.R. § 416.924.

//

//

---

[1] The only signature present on the complaint is that of "Cherie Tash, (mom) for [C.R.W.]" (*see* ECF No. 1). It appears that plaintiff incorrectly captioned the complaint as well as the cover sheet for the complaint (*see id.*).
    The Clerk is directed, to the extent possible, to change all indications of the name of plaintiff and all captions, to the correct one, such as the docket caption and case title (*see* caption above for correct plaintiff caption). As it may not be possible to correct certain documents at this time, the Clerk also is directed to place the following documents under seal (ECF Nos. 1-6, 9-10): Complaint, (ECF No. 1); Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form (ECF No. 2); Minute Order Reassigning Case (ECF No. 3); Consent Filed by Plaintiff to Proceed before a Magistrate Judge (ECF No. 4); Notice of Appearance (ECF No. 5); Answer (ECF No. 6); Notice of Filing of Record (ECF No. 9); and Order to Show Cause (ECF No. 10).
    Most of these documents are 1 - 2 pages long and have only general language, nearly identical to that in any similar document in requests for review of Social Security decisions (*see* Complaint, ECF No. 1); Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form (ECF No. 2); Minute Order Reassigning Case (ECF No. 3); Consent (ECF No. 4); Notice of Appearance (ECF No. 5); Answer (ECF No. 6); Notice of Filing of Record (ECF No. 9)). These documents are being sealed to protect the name only of the minor.
    In the interests of transparency, the only remaining document to be sealed, this Court's Order to Show Cause, will be subject to a subsequently-entered corrected version, as the court does in cases of 'scrivener's errors' (*see* OSC, ECF No. 10). Only the party name for plaintiff will be altered in this corrected version, in order to reflect accurately the correct plaintiff.

Defendant filed an Answer on November 17, 2011 (*see* ECF No. 6) and on the next day filed the sealed administrative transcript ("Tr.") regarding this matter (*see* ECF No. 8). On November 18, 2011, the Court issued an Order Setting Briefing Schedule, ordering that plaintiff's Opening Brief be filed on or before December 16, 2011 (*see* ECF No. 7). A copy of this Order Setting Briefing Schedule was mailed to plaintiff (*id.*).

On February 16, 2012, this Court issued an Order to Show cause on or before March 23, 2012, ordering plaintiff either to file an Opening Brief or to show cause as to why this matter should not be dismissed for lack of prosecution (*see* ECF No. 10, p. 2). Although plaintiff did not file an Opening Brief or a response to the Court's Order, plaintiff contacted the Clerk's Office of this Court on March 22, 2012, seeking a continuance. Plaintiff indicated difficulties regarding her *pro se* status[2].

On April 4, 2012, the Court provided plaintiff with fourteen days to file and provide a copy to defendant any request for more time to respond to the Court's Order to Show Cause (*see* Minute Order, ECF No. 11). Plaintiff has not filed anything since then, and the Court is not aware of any subsequent attempts by plaintiff to contact the Court after March 22, 2012.

## DISCUSSION

When plaintiff did not abide by this Court's Scheduling Order and failed to file an Opening Brief, the Court provided plaintiff with an additional opportunity to file an Opening Brief and a warning that this matter may be dismissed if plaintiff failed to

---

[2] Plaintiff was directed to a page of the Clerk's office website regarding *pro se* issues at: http://www.wawd.uscourts.gov/courtservices/representingyourself.htm.

respond to the Court's Order to Show Cause (*see* ECF No. 10). The Court was not willing to risk dismissal of an action before consideration of the merits when "other less drastic alternative [we]re [] available," in part, due to plaintiff's *pro se* status. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Nevijel v. North Coast Life Ins. Co.,* 651 F.2d (1981)).

When plaintiff failed to respond in a proper fashion to this Court's Order to Show Cause, the Court gave plaintiff an opportunity to file a request for additional time (*see* Minute Order, ECF No. 11). The Court notes that plaintiff implicitly has been afforded an additional three months to demonstrate good cause for the repeated failure to abide by the Court's Orders by means of this Court's delay from mid-April until now (end of July) to exercise the discretionary power to dismiss this case.

Plaintiff has been afforded a full and fair opportunity to be heard regarding the failure to prosecute and the failure to comply with this Court's Order Setting Briefing Schedule and this Court's Order to Show Cause (*see* ECF Nos. 7, 10). As plaintiff has failed to file anything since this Court's November 18, 2011 Order Setting Briefing Schedule (*see* ECF No. 7), the Court no longer has any less drastic alternative available: This matter should be dismissed for a failure to prosecute and a repeated failure to follow the Court's Orders.

The federal rules anticipate this type of dismissal explicitly when defendant moves the court to dismiss the matter based on a failure to prosecute or a failure to follow the court's orders and this is the preferred posture for such circumstance. *See* Fed. R. Civ. P. 41(b); *cf. Societe International Pour Participations v. Rogers*, 357 U.S. 197, 207 (1958)

("Rule 41(b) [] appears in that part of the Rules concerned with trials and . . . is on its face appropriate only as a defendant's remedy"); *see also* Local Rule CR 41(b)(1). However, in order to prevent undue delays in this Court's disposition of other pending matters and to minimize the congestion in this Court's calendar, this matter before the Court will be subject to involuntary dismissal and will not be decided on the merits.

According to the Supreme Court, "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to require a motion from a party. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). The Court explained:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176 (1884). It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition.

*Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)) (footnotes omitted in original).

In *Link v. Wabash R. Co.*, the Supreme Court concluded that, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link, supra*, 370 U.S. at 633 (rejecting the contention

"that the District Court could not act in the conceded absence of any local rule covering the situation").

The Court notes that the Ninth Circuit indicated similarly that the "power of the court to dismiss an action for failure to prosecute with reasonable diligence is settled." *Fitzsimmons v. Gilpin*, 368 F.2d 561, 562 (9th Cir. 1966) (per curiam). The Ninth Circuit also noted that the exercise of this power is discretionary and will be reversed only for abuse." *Id.* (*citing Link, supra*, 639-34) (other citations omitted).

This matter before the Court is not a typical civil case involving discovery, but involves judicial review of a federal agency decision. A typical appeal of an agency decision from the Social Security Administration involves reviewing the administrative record, as well as the parties' arguments put forth in briefs. Specifically, it generally is in plaintiff's Opening Brief wherein plaintiff details the specific challenges to the agency's decision or such challenges may be deemed waived. *Cf. Thompson v. Commissioner*, 631 F.3d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) ("appellants cannot raise a new issue for the first time in their reply briefs") (*citing U.S. v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971), *cert. denied*, 404 U.S. 853 (1971)); *but see Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (this Court has an independent burden to determine whether or not "the Commissioner's decision is: (1) free of legal error and (2) is supported by substantial evidence'") (citations omitted); *U.S. v. Levy*, 391 F.3d 1327, 1335 (11th Cir. 2004) ("the issue is not whether this Court has the power to consider issues not raised in the initial brief; of course it does").

Therefore, this matter was subject to a November 18, 2011 Order Setting Briefing Schedule, by which plaintiff was ordered to file an Opening Brief by December 16, 2011, and later, was subject to an Order to Show Cause. Plaintiff has failed to file anything since the Court's November 18, 2011 Order. Therefore, this matter shall be dismissed pursuant to the inherent authority of the Court for failure to prosecute and for failure to comply with the Court's Orders. *See Link, supra*, 370 U.S. at 633; *Fitzsimmons*, *supra*, 368 F.2d at 562; *see also* Local Rule GR3(d) (providing that a party who fails to comply with any orders of the court "may be subject to such [] sanctions as the court may deem appropriate"); *but see* Local Rule, CR 41(b)(1).

For the reasons stated, the Court hereby ORDERS that this matter be dismissed. The Clerk is directed to follow the Court's instructions as provided in Footnote 1 of this Order.

Dated this 27th day of July, 2012.

_____
J. Richard Creatura
United States Magistrate Judge

ORDER TO DISMISS DUE TO LACK OF
PROSECUTION AND FAILURE TO FOLLOW
THE COURT'S ORDERS - 7